```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

RONALD J. STARKEY,              §
                                §
        Petitioner,             §
                                §        No. 4:21-CV-771-Y
                                §
DIRECTOR, TDCJ-CID,             §
                                §
        Respondent.             §
```

MEMORANDUM OPINION AND ORRDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ronald J. Starkey, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state conviction. Respondent filed an answer and state-court records. Starkey filed a reply.[1] For the following reasons, the Court DENIES Starkey's petition.

I.  Background

In 2018, a Texas jury found Starkey guilty of aggravated sexual assault of a child under 14 years of age. Specifically, the jury found that, on or about May 1, 2004, Starkey knowingly caused the mouth of T.S., his then four-year-old stepdaughter, to contact

---

[1] In support of his reply, Starkey attaches various exhibits that he did not present to the Texas Court of Criminal Appeals. (Reply [doc. 18] 7—23.) As explained below, the Court may not consider them here. *See Cullen v. Pinholster*, 563 U.S. 170, 181—82 (2011)(explaining that federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits).

his penis. Starkey's conviction stems from, among other evidence, T.S.'s live trial testimony that Starkey ejaculated into her mouth when she was four years old. The jury assessed Starkey's punishment and sentenced him to 50 years' imprisonment. The trial court entered judgment on the conviction and sentence. (Admin. R. [doc. 14-8] 206—207.)

Starkey appealed his conviction on eight grounds. The Court of Appeals for the Second District of Texas (COA) affirmed Starkey's conviction, and the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review. (Admin. R. doc. 14-14.) See *Starkey v. State*, No. 02-18-00192-CR, 2019 WL 3819505 (Tex. App.—Fort Worth 2019, pet ref'd). Starkey then filed a state habeas application, challenging his conviction on several grounds. The trial court overruled Starkey's application by operation of law. See Texas Code Crim. P. Ann. art. 11.07 § 2(c). On May 19, 2021, the TCCA denied Starkey's application without written order. (Admin. R., doc. 14-20.)

Starkey filed this federal habeas petition on June 15, 2021. He challenges his conviction on six grounds. Respondent answers that five of his claims have no merit and that one is unexhausted and procedurally barred. Starkey disagrees, insisting that his claims have merit. After carefully reviewing the parties' pleadings, state-court records, and applicable law, the Court agrees with Respondent and concludes that an evidentiary hearing

is not necessary to resolve Starkey's claims. The Court will address each claim below.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States;[2] or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]

---

[2] A state-court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

[3] "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C.

28 U.S.C. § 2254(d)(1)-(2).

Relief may not be granted under either subsection of Section 2254(d) unless the petitioner can show that the state court's ultimate decision that a claim lacks merit was *unreasonable*. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011). It is not enough to show that the state court's decision was incorrect; federal habeas relief is "not a substitute for ordinary error correction through direct appeal." *See Sanchez v. Davis*, 936 F.3d 300, 304–05 (5th Cir. 2019) (citing *Richter*, 562 U.S. at 102—03)). Rather, the petitioner must demonstrate that the state court's ultimate decision "was so lacking in justification that there was an error so well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. In other words, if there is any room for principled judicial disagreement on how a given claim should be adjudicated, then the petitioner is not entitled to relief. *See Sanchez*, 936 F.3d at 304.

This standard is intentionally "difficult to meet" and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102. AEDPA "modified a federal habeas court's role in reviewing

---

§ 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234—35 (5th Cir. 2018).

state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Section 2254(d) was designed to confirm that state courts, not federal courts, are the principal forum for asserting constitutional challenges to state convictions and guard against only extreme malfunctions in the state criminal-justice system. *See Richter*, 562 U.S. at 102—04.

When analyzing the reasonableness of a state court's ultimate decision that a claim lacks merit, the federal habeas court must (1) look to the state court's particular reasons for rejecting the claim; and (2) only consider the factual record that was before the state court when it adjudicated the claim on its merits. *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *see also Evans v. Davis*, 875 F.3d 201, 217 (5th Cir. 2017) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181—82 (2011)).

This is a straightforward inquiry when the most recent state court to reject the claim explains its decision in a reasoned opinion. *Wilson*, 138 S. Ct. at 1192. In that situation, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable. *Id.*

The inquiry can be more exacting when the most recent state court to reject the claim does not explain its reasons for doing

so.[4] Under those circumstances, a federal habeas court must "look through" the unexplained decision to the last related state-court decision that does provide reasons, if there is one. *Id.* at 1192. If an earlier decision exists, the federal habeas court should presume that the unexplained state-court decision adopted the same reasoning, and then proceed with analyzing whether it was unreasonable.[5] *Id*. However, when there is no earlier state-court opinion to look to, the federal habeas court: (1) assumes that the state court applied the proper federal law to the facts; and (2) then determines whether its ultimate decision was contrary to or an objectively unreasonable application of that law. *See Jordan v. Dretke*, 416 F.3d 363, 368 (5th Cir. 2005) (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002)); *see also Thomas v. Vannoy*, 898 F.3d 561, 569 (5th Cir. 2018) (quoting *Evans*, 875 F.3d at 217).

In making this determination, the federal habeas court may infer findings of fact necessary to support the state court's ultimate decision. *See Pondexter v. Dretke*, 346 F.3d 142, 148 (5th

---

[4] Section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits." *Richter*, 562 U.S. at 100. Even summary denials of relief are entitled to substantial deference. *Id.* at 100—01.

[5] The State may rebut this presumption by showing that the most recent state court's unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were argued or supported by the record that the state court reviewed. *See Sellers*, 138 S.Ct. at 1192.

Cir. 2003). Any such implied findings are presumed correct unless the petitioner presents clear and convincing evidence that demonstrates otherwise. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004).

### III. Analysis

#### A. Indictment Deficiencies (Grounds One and Two)

In Grounds One and Two, Starkey claims that the indictment was defective because it (1) potentially charged two offenses (sexual assault of a child and aggravated sexual assault of a child); and (2) failed to give him notice that he was being charged with a first-degree felony, which subjected him to a greater range of punishment. (Pet. [doc. 1] 6.) Respondent answers that the Court is barred from reviewing these claims under Section 2254. (Answer [doc. 13] 7–9.) The Court agrees with Respondent.

The sufficiency of a state criminal indictment is not a matter of federal habeas relief unless it can be shown that the indictment was so defective that it deprives the state court of jurisdiction. *See Wood v. Quarterman*, 503 F.3d 40, 412 (5th Cir. 2007) (citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)). However, if the question of the sufficiency of the indictment is squarely presented to the highest state court, consideration of the question is foreclosed in federal habeas-corpus proceedings. *Johnson v. Johnson*, 114 F.3d 1180, 1997 WL 255692, at *3 (5th Cir. 1997) (citing *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988)).

Here, Starkey presented these issues to the TCCA in his petition for discretionary review (PDR) and state habeas application. (Admin. R., docs. 14-16, 14-24.) By refusing the PDR and denying Starkey's habeas application, the TCCA necessarily, though not expressly, found that his convicting court had jurisdiction over his case and that the indictment was sufficient for that purpose. See *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985). For these reasons, the Court concludes that Grounds One and Two are not cognizable under Section 2254.

B.   Trial Court Error (Ground Three)

In Ground Three, Starkey claims that his due process rights were violated when Special Agent Troy Morris and Investigator Robert Pawley, during their live trial testimony, alluded to the fact that Starkey had taken a polygraph test. Starkey argues that such testimony prejudiced the jury into believing that he was not credible. (Pet. [doc. 1] 7.)

Because there is no TCCA or earlier state-court opinion that provides any reasoning for denying this claim, the Court assumes that the TCCA applied the proper federal law to this claim, which, as pointed out by Respondent, is *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *Brecht* held that a state prisoner seeking to challenge his conviction in collateral federal proceedings must show that the trial court error had a "'substantial and injurious effect or

influence'" on the outcome of his trial. *Brown v. Davenport*, 596 U.S. 118, 126 (2022) (quoting *Brecht*, 507 U.S. at 637)).

Respondent argues that any error which may have been committed by allowing the jury to hear this testimony was harmless. (Answer [doc. 13] 9—12.) The Court agrees. It is undisputed that the results of the polygraph test were not mentioned during Morris and Pawley's testimonies or otherwise admitted into evidence. In other words, the jury did not review any evidence that suggested Starkey had failed the polygraph test. Moreover, considering the other evidence that was admitted at Starkey's trial, including the victim's own live testimony about the assault, the Court concludes that Starkey has failed to demonstrate that a brief, passing reference to a polygraph test had a substantial and injurious effect on the jury's verdict. In turn, the Court concludes that Starkey has failed to demonstrate that the TCCA's application of *Brecht* to this claim, and its ultimate decision to deny it, was unreasonable. Starkey has therefore failed to show that he is entitled to relief on this this claim.

C.  Prosecutorial Misconduct (Ground Four)

In Ground Four, Starkey claims that the prosecutor's purported mid-trial amendment of the indictment from a second-degree felony to a first-degree felony denied him due process. (Pet. [doc. 1] 7.) Here again, because there is no TCCA or earlier

state-court opinion that provides any reasoning for denying this claim, the Court assumes that the TCCA applied the proper federal law to this claim, which, as noted by Respondent, is *Darden v. Wainwright*, 477 U.S. 168 (1986).

Under *Darden*, improper conduct by a state prosecutor is not of constitutional magnitude and will not warrant federal habeas-corpus relief unless the conduct is so prejudicial that it rendered the trial fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *See Darden*, 477 U.S. at 180—81. A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *See Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000). Respondent argues that Starkey fails to show that the prosecutor's purported amendment of the indictment rendered his trial fundamentally unfair. (Answer [doc. 13] 12—13.) The Court agrees.

First, the record shows that the prosecutor, John Lapham, did not amend or seek to amend the indictment during Starkey's trial. Rather, during voir dire, Lapham merely pointed out to the trial-court judge that a discrepancy existed between the caption and body of the indictment. The caption listed sexual assault of a child, which is a second-degree felony, but the statutory allegations included in the body of the indictment alleged aggravated sexual assault of a child, which is a first-degree

felony. Lapham clarified that "[the indictment] should be first-degree felony. It's aggravated." (Admin. R. [doc. 14-3] 14.) Starkey did not object to Lapham's clarification or otherwise attack the indictment before trial. Second, on direct appeal, the COA specifically overruled Starkey's argument that this discrepancy rendered the indictment defective. It also found that, under Texas law, Starkey had waived his right to attack the indictment because he did not do so before his trial began. (Admin. R. [doc. 14-14] 4—11.) Considering the record in conjunction with and the COA's explicit ruling and the TCCA's implicit ruling that the indictment was sufficient, the Court infers that the TCCA found that Lapham had not engaged in any underlying misconduct that would render Starkey's trial unfair.

Starkey does not present clear and convincing evidence to demonstrate that the TCCA's implicit finding was incorrect or that its application of *Darden* to this claim, and the ultimate decision to deny it, was unreasonable. Starkey has therefore failed to show that he is entitled to relief on this this claim.

D. <u>Ineffective Assistance of Counsel (Ground Five)</u>

In Ground Five, Starkey claims that his trial counsel, David Pearson, was ineffective because he (1) failed to timely notice and object to the alleged defective indictment; (2) failed to advise Starkey of the potential punishment range of a first-degree

felony; and (3) had a conflict of interest. (Pet. [doc. 1] 8.) Respondent answers that Starkey's ineffective-assistance-of-counsel claims (IAC) are conclusory, have no merit, and otherwise fail to satisfy AEDPA. (Answer [doc. 13] 13–18.)

Because there is no TCCA or earlier state-court opinion that provides any reasoning for denying Starkey's IAC claim, the Court must assume that the TCCA applied the proper federal law to these claims, which is *Strickland v. Washington*, 466 U.S. 668 (1984).

To prevail on an IAC claim under *Strickland*, a petitioner must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Meja v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 687).

To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 688). A court considering an IAC claim must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *See Richter*, 562 U.S. at 112; *see also Pinholster*, 563 U.S. at 189.

"Surmounting *Strickland's* high bar is never an easy task." *Richter*, 562 U.S. at 105 (citing *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). Even under de-novo review, the standard for judging counsel's representation is a most deferential one. *Id.* Unlike a later-reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. *Id.* It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* The question is whether an attorney's representation amounted to incompetence under

"prevailing professional norms," not whether it deviated from best practices or most common custom." *Id*.

Establishing that a state court's application of *Strickland* was unreasonable under Section 2254(d) is all the more difficult. *Id*. The standards created by *Strickland* and Section 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. *Id*. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Id*. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under Section 2254(d). *Id*. When Section 2254(d) applies, the question is not whether counsel's actions were reasonable. *Id*. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Id*. Additionally, if a petitioner fails to satisfy either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *See Strickland,* 466 U.S. at 697.

### i. Failure to Object to Indictment

Starkey claims that Pearson failed to timely notice deficiencies in the indictment and object to them before trial. Respondent argues that this claim is conclusory and has no merit because Starkey cannot demonstrate that he was prejudiced by Pearson's failures, which is necessary to establish IAC under

*Strickland*. Specifically, Respondent argues that (1) under Texas law, any errors in the indictment were harmless; and (2) even if Pearson had timely objected to the indictment and been successful in having it quashed, the State could have reindicted Starkey with a corrected indictment. (Answer [doc. 13] 14–16.) Starkey does not present any argument to refute these contentions.

After review, the Court agrees with Respondent and therefore concludes that Starkey has failed to demonstrate that the TCCA's application of *Strickland* to this claim, and its ultimate decision to deny it, was unreasonable. Starkey is not entitled to relief on this claim.

> ii.  Failure to Advise about Punishment Range

Next, Starkey claims that Pearson never advised him that he could potentially face 5 to 99 years' imprisonment if found guilty of the aggravated offense. Starkey insists that "all [his] pretrial decisions" were based on his belief that he was facing 2 to 20 years' imprisonment. (Pet. [doc. 1] 8.)

Respondent argues that this claim is conclusory and should be denied. The Court agrees. Starkey does not present any evidence in support of this claim, and it is well settled that conclusory allegations and bald assertions are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 283 (5th Cir. 2000).

Moreover, the Court concludes that the TCCA's ultimate decision to deny this IAC claim was reasonable. Even if Pearson erred in failing to advise Starkey of his exposure to an increased punishment range, Starkey fails to demonstrate prejudice under *Strickland*. He does not present any evidence to show that, but for Pearson's error, there is a substantial likelihood that the outcome of his trial would have been different. Starkey does not explain which of his pretrial decisions was based on his alleged mistaken belief that he was only facing 2 to 20 years' imprisonment. For example, Starkey does not argue or present any evidence to show that he would have chosen to plead guilty to the offense had he known about his increased sentence exposure.

For these reasons, the Court concludes that Starkey has failed to demonstrate that he is entitled to relief on this claim.

### iii.    Conflict of Interest

Starkey claims that Pearson was ineffective because he had a a financial conflict of interest. Starkey alleges that, because Pearson made more money defending him on an aggravated offense, his personal financial gain by doing so clouded his ability to effectively defend him.

Respondent argues that this IAC claim is speculative, wholly conclusory, and otherwise has no merit. Starkey does not present any evidence or legal argument to demonstrate otherwise. After

review, the Court concludes that Starkey fails to demonstrate that the TCCA's application of *Strickland* to this claim, and its ultimate decision to deny it, was unreasonable. Starkey is therefore not entitled to relief on this claim.

E.  Cumulative Error (Ground Six)

Lastly, Starkey claims that the cumulative effect of trial errors violated his due-process rights and deprived him of a fair trial. (Pet. [doc. 1] 8.) Respondent answers that the Court should dismiss this claim with prejudice because it is unexhausted and procedurally barred under Texas law. (Answer [doc. 13] 18—23.) Starkey's reply is incoherent and does not otherwise refute Respondent's factual and legal contentions.

After reviewing the pleadings, state-court records, and the law governing the exhaustion and procedural-default doctrines, the Court, for the reasons stated by Respondent, concludes that Ground Six is unexhausted and procedurally defaulted. However, even if the Court were to consider the merits of this claim, it would deny it. Starkey, for the reasons stated herein, has failed to demonstrate that any of the alleged individual errors that occurred during his trial are of constitutional dimension, as opposed to mere violations of state law, which is required to warrant federal habeas-corpus relief for cumulative errors. *See Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007) (explaining

circumstances under which federal habeas-corpus relief may be granted for cumulative errors in the conduct of a state trial). In other words, because Starkey has failed to demonstrate any underlying constitutional errors, there is "nothing to cumulate." *Id.* (quotation omitted).

## IV.  Conclusion

For these reasons and those stated in Respondent's answer, the Court concludes that (1) Grounds One and Two are not cognizable under Section 2254; and (2) Starkey has failed to demonstrate that the TCCA's adjudication of his other claims (Grounds Three, Four, and Five) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state-court proceedings. See 28 U.S.C. § 2254(d). Additionally, the Court concludes that Starkey's sixth ground for relief is unexhausted and procedurally defaulted. Alternatively, the Court concludes that it has no merit.

For the same reasons, the Court also concludes that Starkey has failed to show that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right and whether the Court is correct in its procedural ruling. The Court therefore DENIES a certificate of

appealability. See 28 U.S.C. § 2253(c); see also *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    SIGNED April 26, 2024.

                                                                _____
                                                                 TERRY R. MEANS
                                                                 UNITED STATES DISTRICT JUDGE